**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| EDISON C.,[1] | : | Case No. 3:25-cv-00076 |
| | : | |
|    Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
|    Defendant. | : | |

## REPORT AND RECOMMENDATION[2]

Plaintiff, who is proceeding without the assistance of counsel, brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. To date, Plaintiff has failed to comply with two Orders of this Court that directed him to file his Statement of Errors.

On March 14, 2025, the Court issued a scheduling order that directed Plaintiff to file, within forty-five days after filing of the administrative record, a statement of errors that sets forth the bases upon which reversal or remand is sought. (Doc. No. 4.) The Commissioner filed the administrative record on the docket of the Court on May 9, 2025

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] *See* 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendation within the specified time period.

(Doc. No. 7), which made Plaintiff's statement of errors due by no later than June 23, 2025. However, Plaintiff did not file his statement of errors by the deadline or seek an extension of time in which to do so.

On July 30, 2025, the Court ordered Plaintiff to show cause, in writing and no later than September 2, 2025, why the Court should not dismiss this case for lack of prosecution. (First Show Cause Order, Doc. No. 8.) In the alternative, the Court stated that Plaintiff could file his statement of errors by September 2, 2025. (*Id.*) The Court cautioned Plaintiff: "Plaintiff is placed on notice that failure to respond to this Order to Show Cause may result in the dismissal of the complaint." (*Id.* at PageID 525.)

When Plaintiff failed to respond to the First Show Cause Order by the deadline, the Court issued a Final Order to Show Cause on September 4, 2025. (Final Show Cause Order, Doc. No. 9.) The Court gave Plaintiff "one final opportunity" to comply with its orders and ordered Plaintiff to file his statement of errors no later than September 30, 2025. (*Id.* at PageID 527.) The Court again cautioned Plaintiff: "**Plaintiff is expressly warned that if he does not file his statement of errors by that date or seek an extension of time in which to do so, then the undersigned shall recommend that this case be dismissed with prejudice.**" (*Id.* (emphasis in original).) To date, Plaintiff has neither filed a response to the Final Show Cause Order nor requested an extension of time in which to do so.

Plaintiff has now failed to comply with two Orders of this Court that directed him to file his statement of errors, despite the Court's warning that his continued failure to comply could result in the dismissal of his case. "Federal courts possess certain 'inherent

powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to file a statement of errors or respond to the Orders to Show Cause (Doc. Nos. 8, 9) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *Jourdan v. Jabe*, 951 F.2d 108, 108-10 (6th Cir. 1991) (citing *Link*, 370 U.S. at 630); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice based upon Plaintiff's failure to prosecute.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint against the Commissioner (Doc. No. 5.) be **DISMISSED with prejudice** for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The case be terminated on the Court's docket.

3. Pursuant to 28 U.S.C. § 1915(a), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, the Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

　　　　　　　　　　　　　　　*/s/ Caroline H. Gentry*　　　　　　
　　　　　　　　　　　　　　　Caroline H. Gentry
　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one

of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).